While I concur in the majority's application of R.C. 2944.01 etseq. to the Humane Society as an entity, I do not perceive the distinction between appellant's tort claims and the so-called constitutional claims for which the majority reverses and remands this cause. The distinction drawn appears to me to be one without difference.
Further, I understand the claims of animal cruelty of which appellant was convicted to have arisen from her treatment of all the animals found on her premises, including those placed by the Humane Society in foster homes or for adoption. Thus I would find no error of the trial court in concluding those creatures, as property, were contraband to which R.C. 1933.41 might apply, thus defeating appellant's claim for replevin.
Finally, to the extent appellant is permitted by the conditions of her probation to own and keep a pet, nothing in the trial court's judgment purports to identify that pet as a pet previously kept or harbored by her or which was the subject of her criminal conviction.
I would affirm the trial court's judgment in its entirety.